### KINNIE v. THE CITY OF WAVERLY.

1. **Municipal Corporation:** CITY SOLICITOR: FEES. Where neither the duties nor the compensation of a city solicitor are prescribed, it is his duty, unless otherwise instructed, to perform such services as the interests of the city may require, and he may recover therefor what they are reasonably worth.

2. ———: ASSESSOR. An assessor, elected in accordance with the provisions of section 390 of the Code, providing for the election of assessors in townships containing a city or incorporated town, is a township and not a city officer.

### *Appeal from Bremer District Court.*

### FRIDAY, MARCH 24.

THE petition states that the plaintiff was elected city solicitor of the city of Waverly, and was qualified as such and discharged the duties of the office; that the city assessor in his official capacity requested of the plaintiff as city solicitor a written legal opinion necessary in the performance of his

official duties; that the plaintiff gave him an official written opinion which was reasonably worth the sum of ten dollars, for which he claims judgment.

To the petition the defendant demurred, because it does not allege that the assessor was an officer of the defendant, and does not allege that the defendant passed any ordinance prescribing the powers and duties of the city solicitor, or the fees to be received by him. Demurrer was sustained. Plaintiff appeals.

*G. C. Wright*, for appellant.

*Gray, Dougherty & Gibson*, for appellee.

ADAMS, J.—Code, Sec. 532, provides that in cities of the second class the city solicitor shall have such powers and perform such duties as are provided in title 4, chapter 10, or by any ordinance of the city council not inconsistent therewith; and Sec. 524 provides that the officers of cities shall receive such compensation and fees for their services as the council shall by ordinance prescribe.

Where neither the duties or compensation of a city solicitor

1. MUNICIPAL CORPORATION: city solicitor: fees.

are prescribed, it is his duty unless otherwise instructed to perform such services as the interests of the city may require, and he may recover therefor what they are reasonably worth. As the petition avers that the plaintiff's services were necessary to enable the assessor to perform his official duty, we have to determine whether the assessor is a city officer or not.

Section 390 of the Code provides that "in any township in

2. ——. assessor.

which is situated a city or incorporated town, two township assessors shall be elected, one by the voters of said township residing without the corporate limits of such city or town at the general election, and the other by the voters thereof residing within such limits at the municipal election in such city or town, and each in the discharge of his duties as assessor shall be confined to that portion of his township in which he is elected as hereinbefore provided; and said city or town assessor shall hold his office for one year from the

first of January next ensuing." In said section the assessor is called both township assessor and city assessor. He is to hold his office from the first day of January next ensuing his election like township officers, but he is to be elected at the municipal election. His duties are to be confined to that portion of the township in which he is elected, but that portion of the township is identical with the territory of the city. He is to be elected by the voters of the township residing within the city limits, but such voters are, of course, the voters of the city. We see nothing to determine the question as to whether the assessor is or is not a city officer but the manner in which his duties and election are prescribed. The words used to describe his territory are "that portion of his township in which he is elected." He is to be elected by the voters *thereof* (that is, of the township) residing within such limits." The territory and voters being described with reference to the township instead of the city, we think the assessor should be regarded as a township, and not a city, officer. With this view, plaintiff's services were not rendered for the city.

AFFIRMED.